**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT STIFFLER**<br><br>*Plaintiff*,<br><br>v.<br><br>**APPLE INCORPORATED and VERIZON, INCORPORATED**<br><br>*Defendants*. | **CIVIL ACTION NO.:** 2:21-cv-523<br><br><br>**JURY TRIAL DEMANDED** |

TO:   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apple Inc. i/s/h/a "Apple Incorporated" ("Apple") and Cellco Partnership d/b/a Verizon Wireless (improperly plead as "Verizon, Incorporated") ("Verizon"), by and through their respective attorneys, hereby jointly remove the above-captioned action, pending as Case No. GD-20-007613 in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Trial Division, to the United States District Court for the Western District of Pennsylvania.   In support of removal, Apple and Verizon state as follows:

## PROCEDURAL BACKGROUND

1.   On or about July 14, 2020, Plaintiff Robert Stiffler commenced the Court of Common Pleas action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of

Allegheny County, Pennsylvania, Civil Trial Division.  The matter was assigned the Case No. GD-20-007613.  The Writ did not provide any information beyond the addresses of the defendants.  On or about March 25, 2021, Plaintiff filed a Complaint in the same action.

2.     Apple and Verizon were served with said Complaint on March 29, 2021.

3.     Pursuant to 28 U.S.C. § 1446(b)(1), the Complaint is "the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other orders that have been served upon Apple and Verizon to date—the Writ of Summons, Complaint, Civil Cover Sheet, and Notice to Defend, Affidavits of Service (4) and Entry of Appearance for Verizon—are attached hereto as Exhibit A.

5.     A true and correct copy of the Court of Common Pleas Docket Sheet identifying the remaining pleadings is attached hereto as Exhibit B.

6.     The Complaint alleges that Plaintiff suffered injuries after an iPhone 6 Plus "exploded…resulting in a major fire" at 1332 Main Street, Crescent Township, Pennsylvania 15046 on July 16, 2018.  *See* Ex. A (Complaint at ¶¶ 7-10).

7.     This Honorable Court has jurisdiction over this action under 28 U.S.C. § 1332, *et seq.*

8.     Apple and Verizon are filing this Notice of Removal within thirty days of service of the Complaint in the Court of Common Pleas action.  *See* 28 U.S.C. §1446(b)(1).

9.     One year has not expired since the commencement of the Court of Common Pleas action.

10.     Venue is proper in this Court as the Court of Common Pleas of Allegheny County, Pennsylvania, where there Court of Common Pleas action was originally filed, is within the

jurisdiction of the United States District Court for the Western District of Pennsylvania.  *See* 28 U.S.C. §§ 100(2), 118 (c), 1441(a).

11.     Pursuant to 28 U.S.C. § 1446(d), Apple and Verizon are serving a copy of this Notice of Removal on all parties through their counsel of record.  Notice of the filing of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Allegheny County, Pennsylvania, and served on all parties to the Court of Common Pleas of Allegheny County, Pennsylvania action.  *See* Notice of Filing of Notice of Removal, a true and correct copy attached hereto as Exhibit C.

12.     Promptly after filing this Notice of Removal, Defendants will file their Corporate Disclosure Statements pursuant to Local Rule 7.1 of the Western District of Pennsylvania.

## DIVERSITY OF CITIZENSHIP

13.     The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met and therefore, the Honorable Court has original jurisdiction

14.     Per the Complaint, Plaintiff Robert Stiffler is a resident of Pennsylvania, with an address of 1332 Main Street, Crescent Township, Pennsylvania 15046.  *See* Ex. A (Complaint ¶ 1).  Upon information and belief, Robert Stiffler is a citizen of the Commonwealth of Pennsylvania.

15.     Apple is now, and was at the time of commencement of the Court of Common Pleas action, an entity incorporated under the laws of California with its principal place of business in the State of California.  *See* 28 U.S.C. § 1332.  Accordingly, Apple is a citizen of the State of California.

16.     Cellco Partnership d/b/a Verizon Wireless was at the time this action was commenced, and still is, a partnership with three partners: Bell Atlantic Mobile Systems LLC; GTE Wireless LLC; and Verizon Americas LLC.

17.     Bell Atlantic Mobile Systems LLC is a limited liability corporation whose sole member is MCI Communications Services LLC.  MCI Communications Services LLC is a limited liability corporation whose sole member is Verizon Business Network Services LLC.  Verizon Business Network Services LLC is a limited liability corporation whose sole member is Verizon Business Global LLC.  Verizon Business Global LLC is a limited liability corporation whose sole member is Verizon Communications Inc.  Verizon Communications Inc. is a corporation organized in the State of Delaware with its principal place of business located in the State of New York.  Thus, Bell Atlantic Mobile Systems LLC is a "citizen" of the State of Delaware and the State of New York.

18.     GTE Wireless LLC is a limited liability corporation whose sole member is GTE LLC.  GTE LLC is a limited liability corporation whose members are NYNEX LLC, Verizon Ventures LLC and Verizon Communications Inc.  NYNEX LLC is a limited liability corporation whose sole member is Verizon Communications Inc.  Verizon Ventures LLC is a limited liability corporation whose sole member is Verizon Communications Inc.  Verizon Communications Inc. is a corporation organized in the State of Delaware with its principal place of business located in the State of New York.  Thus, GTE Wireless LLC is a "citizen" of the State of Delaware and the State of New York.

19.     Verizon Americas LLC is a limited liability corporation whose sole member is Verizon Communications Inc.  Verizon Communications Inc. is a corporation organized in the State of Delaware with its principal place of business located in the State of New York.  Thus, Verizon Americas LLC is a "citizen" of the State of Delaware and the State of New York.

20.     Accordingly, based on the "citizenship" of its partners, Verizon is deemed a

"citizen" of the State of Delaware and the State of New York and is not a "citizen" of the Commonwealth of Pennsylvania.

21.     As the parties are citizens of different states, diversity of citizenship exists under 28 U.S.C. § 1332.

22.     Apple and Verizon are the only named defendants in the Court of Common Pleas action.  As such, all defendants appearing in the action consent to removal as required under 28 U.S.C. § 1446(b)(2)(A) and the forum-defendant rule (28 U.S.C. § 1441(b)(2)) does not prevent removal of this action.

## AMOUNT IN CONTROVERSY

23.     The amount in controversy requirement under 28 U.S.C. § 1332(a) is also met.

24.     In his Complaint, Plaintiff alleges to have sustained "shrapnel wounds to the face, [a] burned face, burned neck, burned left hand, burned right hand, mental anguish, pain and suffering."  *See* Ex. A (Complaint ¶ 16).  He further claims he was placed in "an induced coma," underwent "months of hospitalization," and that his treatment is continuing.  *See Id*.   In addition, Plaintiff alleges damages in excess of $50,000 in both the *ad damnum* clause of the Complaint and the Civil Cover Sheet.

25.     In evaluating federal jurisdiction, the amount in controversy is to be measured by "a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993).  Pennsylvania District Courts have repeatedly held that the $75,000 threshold is met where the injuries alleged are extensive and of a permanent nature, especially where there are past and future medical expenses, as Plaintiff alleges here.  *See Brent v. First Student, Inc.,* No. 19-6023, 2020 U.S. Dist. LEXIS 88551, at *6 (E.D. Pa. May 20, 2020).

26.     Based on the injuries alleged, a reasonable reading of the Complaint here shows the amount in controversy to exceed $75,000.[1]

27.     Accordingly, the action is removable pursuant to 28 U.S.C. § 1332.

28.     Apple and Verizon reserve the right to amend or supplement this Notice of Removal and to assert any and all defenses and objections.

**WHEREFORE**, Defendants Apple Inc. and Verizon jointly effect the removal of the action in Court of Common Pleas of Allegheny County, Pennsylvania, Civil Trial Division, to the United States District Court for the Western District of Pennsylvania and request that this action be placed on the Pittsburgh docket for further proceedings as though this action had originally been instituted in this forum.

**JURY TRIAL DEMANDED**

  Dated:                                              Respectfully submitted,


                                       /s/ Stuart H. Sostmann, Esquire

                                       Stuart H. Sostmann, Esquire
                                       501 Grant St, Floor 7,
                                       Pittsburgh, PA  15219
                                       412-803-1179/412-803-1188 (fax)
                                       shsostmann@mdwcg.com

                                       ***Attorneys for Defendant Apple Inc.***

---

[1] In making its good faith calculations of the amounts being sought by the Complaint, Apple and Verizon do not concede or admit in any fashion that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

/s/ Charlene A. McLaughlin, Esquire

Charlene A. McLaughlin, Esquire
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(267) 996-6400/(267) 996-6409 (fax)
cmclaughlin@cm-defense.com

***Attorneys for Defendant Verizon***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing **Notice of Removal** has been served

upon Counsel on this 19th day of April 2021 via electronic mail only addressed as follows:

Michael F. Santicola, Esquire
Santicola, Steele & Fedeles, P.C.
722 Turnpike Street
Beaver, PA 15009
*Counsel for Plaintiff*

Charlene A. McLaughlin, Esquire
Calistri McLaughlin LLC
230 South Broad Street. 17th Floor
Philadelphia, PA 19102
*Counsel for Cellco Partnership d/b/a Verizon Wireless*

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN, P.C.**

By: _____
       Stuart H. Sostmann, Esquire
       Union Trust Building, Suite 700
       501 Grant Street
       Pittsburgh, PA  15219
       412-803-1179
       412-803-1188 (fax)
       *Counsel for Defendant Apple Incorporated*

NY:54613919.1