## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ROBERT STIFFLER**

        **Plaintiff,**

**v.**

**APPLE INCORPORATED and**

**VERIZON, INCORPORATED**

        **Defendants.**

**CIVIL ACTION NO. 2:21-cv-00523**

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO APPLE INC.'S MOTION TO EXCLUDE TESTIMONY OF ROBERT RYHAL AND DR. RUSSELL ADAMS

### I.    INTRODUCTION

Defendant Apple Incorporated (hereinafter "Apple"), moves to exclude the testimony of Plaintiff, Robert Stiffler's (hereinafter "Plaintiff"), experts Robert Ryhal and Dr. Russell Adams. Apple disagrees with the conclusions of both experts and thus, argues the testimony of both experts should be excluded as their opinions are not based on reliable scientific foundations. However, Apple mischaracterizes both the purpose of the experts' proffered testimony as well as the relevant legal standards. Thus, Apple's motion should be denied.

### II.    LEGAL STANDARD

Federal Rule of Evidence 702, which governs testimony by expert witnesses, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliable applied the principles and methods to the facts of the case.

As such, Rule 702 has three central requirements: "(1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3rd Cir. 2008). As to an expert's "qualification," the Third Circuit Court of Appeals has "interpreted Rule 702's qualification requirement liberally. We have held that a broad range of knowledge, skills, and training qualify an expert." *Id.* (internal citations omitted).

Similarly, the second requirement has been interpreted to mean that "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Id.* (internal citations omitted). "Under the Federal Rules of Evidence, a trial judge acts as a gatekeeper to ensure that any and all expert testimony or evidence is not only relevant, but also reliable. The Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact" *Id.* at 243 (internal citations omitted). *See also Kannankeril v. Terminix Intern., Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (stating Rule 702 "has a liberal policy of admissibility").

## III.    ARGUMENT

### A.  The Court should deny Apple's motion to exclude Mr. Ryhal's testimony as he is qualified and meets Rule 702's admissibility standards

#### 1.  Mr. Ryhal is qualified to offer his opinions as to the origin and cause of the subject fire

Mr. Ryhal is qualified to offer his opinions and meets Rule 702's admissibility standards.

As such, Apple's motion should be denied. Mr. Ryhal's testimony is being proffered for the purpose of establishing the origin and cause of the subject fire, not to offer his opinion on the electrical components or design of lithium-ion batteries. As previously discussed, pursuant to Rule 702, a proffered expert witness must be "qualified." Qualification requires the "witness possesses specialized expertise." *Pineda*, 520 F.3d at 245 (internal citation omitted). Rule 702's qualification requirement is to be interpreted liberally. *Id.* A "broad range of knowledge, skills, and training qualify an expert." *Id.*

Here, Apple argues Mr. Ryhal, whom, it alleges, was retained by Plaintiff to offer his opinions on lithium-ion batteries and/or battery-thermal events, is unqualified to offer his opinion on such subjects. It should first be noted that Mr. Ryhal was not retained by Plaintiff to offer his opinions on the aforementioned subjects. Rather, Mr. Ryhal was obtained as an expert on fire investigations, specifically as to origin and cause. Mr. Ryhal has an extensive academic and career background in fire investigation. Notably, Mr. Ryhal is a 1996 graduate of the National Fire Academy in fire/arson investigation and was certified as a fire investigator by the Commonwealth of Pennsylvania in 1997. *See* Curriculum Vitae of Robert Ryhal, attached as Exhibit 1. Mr. Ryhal has also completed approximately 1486 hours of training and education related to the investigation of structural and vehicle fires. *Id.* Through his current work with Ryhal & Associates, Inc., Mr. Ryhal has conducted or supervised approximately 810 origin and cause investigations. *Id.* As such, Mr. Ryhal clearly qualified as he possesses a "broad range of knowledge, skills, and training" in fire investigation. *See Pineda*, 520 F.3d at 245.

As previously discussed, Rule 702's qualification requirement is to be interpreted liberally. *Kannankeril*, 128 F.3d at 806. *See also Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 782 (3rd Cir. 1996) (determining "it is an abuse of discretion to exclude testimony simply because the

trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate"). Here, Mr. Ryhal relied on his extensive training and knowledge of fires to render an opinion. Further, his understanding or expertise in electrical engineering, specifically the science and workings of lithium-ion batteries, is immaterial and not crucial to his qualification as an expert in fire investigation. Similarly, Mr. Ryhal based his findings and opinions on his interpretation of the evidence in the instant case, in light of his training, education, and experiences, not on any purported knowledge of, experience with, or formal training regarding lithium-ion batteries.

As such, excluding Mr. Ryhal's testimony because he is not well versed in the science of lithium-ion batteries would be to interpret Rule 702 in a limited, rather than liberal, manner. If Rule 702 were to be interpreted in such a restrictive fashion, only fire investigation experts who are also extensively trained so as to have a substantial knowledge of the science and mechanics of all potential fire starters at any given scene would be qualified to opine on fire origin and cause. Such outcome simply not be the intended result of Rule 702, the application of which courts repeatedly conclude should be interpreted "liberally." As such, Apple's motion should be denied.

### 2. Mr. Ryhal's opinions are reliable

Mr. Ryhal's opinions as to the cause and origin of the subject fire are reliable and meet the standards of Rule 702. As such, Apple's motion should be denied.

As previously discussed, the second requirement of Rule 702 reads, "the expert must testify about matters requiring scientific, technical or specialized knowledge." The Third Circuit Court of Appeals has interpreted this requirement to mean "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 (3rd Cir. 1994). However, the

Third Circuit Court of Appeals has cautioned "[t]he evidentiary requirement of reliability is lower than the merits standard of correctness." *Paloli*, 35 F.3d at 744. Further, "[a]dmissibility decisions focus on the expert's methods and reasoning; credibility decisions arise after admissibility has been determined." *Kannankeril*, 128 F.3d at 806. In evaluating whether a particular methodology is reliable, trial courts are guided by several considerations as enunciated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Such considerations may include: "(1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. *Pineda*, 520 F.3d at 247-8. Such factors are "neither exhaustive nor applicable in every case." *Kannakeril*, 128 F.3d at 806-7. Notably, such inquiry "envisioned by Rule 702 is . . . a flexible one." *Daubert*, 509 U.S. at 594.

Here, Apple argues Mr. Ryhal's opinions should be precluded as they are allegedly speculative and not based on a reliable scientific foundation. *See* Apple's Motion to Exclude the Testimony of Robert Ryhal and Dr. Russell Adams (hereinafter "Motion"), ¶ 3, attached as Exhibit 2. Specifically, Apple asserts Mr. Ryhal's opinions are not based on a "reliable methodology or on sufficient facts and data." *See* Apple's Memorandum in Support of their Motion to Exclude Testimony of Robert Ryhal and Dr. Russell Adams (hereinafter "Memorandum"), page 7, attached as Exhibit 3. However, Apple's argument fails as it confuses reliability with factual issues in dispute. Apple essentially asserts that Mr. Ryhal's testimony should be excluded because he disagrees with its presumed defense, namely that the subject fire was caused by careless smoking,

as concluded by "independent investigators[.]" Ex.3 at page 9. Further, because Mr. Ryhal reached an unfavorable and contrary conclusion to Apple's defense, Mr. Ryhal's opinions are unreliable. Said argument is a mischaracterization of both the relevant legal standards and Mr. Ryhal's proffered testimony.

As previously discussed, trial courts are to consider several factors in determining whether a particular methodology is reliable. In light of such factors, Mr. Ryhal's opinions are reliable. First, Mr. Ryhal's opinions are based on a method that consists of testable hypothesis. Mr. Ryhal's conclusions and methodology are exhaustively documented in his May 16, 2022 "Fire Investigation Report" (hereinafter "Ryhal Report"). *See* Ryhal Report, designated by Apple as Exhibit G. Mr. Ryhal states in the Ryhal Report that the "scientific method requires an investigator to develop and test hypotheses in order to determine fire causation." *Id.* at page 28. As to fire causation due to careless smoking by Plaintiff, Mr. Ryhal concluded that such theory was not viable in light of Plaintiff's testimony, namely that Plaintiff adhered to his family's policy of no smoking inside the residence. *Id.* at page 29. Specifically, Mr. Ryhal relied on Plaintiff's testimony that Plaintiff "did not possess any cigarettes and had just finished smoking a cigarette outside on the north patio stoop while talking on the phone . . . then placed the butt in the fire safe ashtray on the table in the north screened porch." *Id.* Mr. Ryhal also analyzed the timeline of events in making this determination. *Id.* at pages 29-30.  At his deposition, Mr. Ryhal stated that the only smoking-related material observed in the photographs where a pipe located under Plaintiff's bed and a cigarette pack which was underneath clothing. *See* Deposition Transcript of Robert Ryhal, designated by Apple as Exhibit F, at 188. Significant to Mr. Ryhal's investigation were the lack of a lighter or ashtray discovered in the room, which supported Plaintiff's testimony that he hadn't been actively smoking at the time of the subject fire. *Id.* at 188, 190.

Apple concludes that Mr. Ryhal's opinion is unreliable as it "contravenes industry—standard guidelines for fire investigators embodies in NFPA 921[.]" Ex. 3 at page 9. Several courts within the Third Circuit have held "NFPA 921 offers a comprehensive and detailed treatment for fire investigation and have held its methodology is reliable for purposes of Rule 702." *Hoang v. Funai Corp., Inc.*, 652 F.Supp.2d 564, 566 (M.D. Pa. 2009). *See also Booth v. Black & Decker, Inc.*, 166 F.Supp.2d. 215, 220 (E.D. Pa. 2001). However, just because a fire origin and cause report does not indicate the methodology employed, said opinion is still admissible if the expert testifies his investigation was guided by the NFPA 921 guidelines and the report makes clear it is an "origin and cause" investigation. *Hoang*, 652 F.Supp.2d at 570.

In *Hoang*, the district court considered a case involving a house fire. *Id.* at 566. The Plaintiffs' experts opined the fire was caused by a defect in a TV/VCR that was manufactured and sold by the Defendants. *Id.* The Plaintiffs' expert did not reference the methodology used in his fire investigation report. However, he testified that his investigation was guided by the NFPA 921 guidelines and the report made clear it was an "origin and cause" investigation. *Id.* at 570. Further, the court determined the expert's methodology to be reliable as it "employed a methodology that was subject to peer review, had a known or potential rate of error, could be measured against existing standards, and is generally accepted." *Id.*

Here, similar to the expert in *Hoang*, Mr. Ryhal did not reference the methodology used in the Ryhal Report. However, Mr. Ryhal's statements during his deposition made clear his clearly stated origin and cause investigation was guided by NFPA guidelines. At his deposition, Mr. Ryhal and counsel for Apple exchanged the following:

Q. What does NFPA stand for?

A. National Fire Protection Association.

Q. Is it sort of the – sets out the best practices for origin and cause investigations?

A. That's correct.

Q. Is it a guide that you typically follow in your practice?

A. Yes.

Ex. F, at 86:2-9.

Subsequent to the above line of questioning, counsel for Apple reviewed the three "categories of information that are important to an origin opinion" under NFPA and proceeded to assess each category with Mr. Ryhal. *Id.* at 87: 2-9. First, counsel for Apple established that Mr. Ryhal reviewed the depositions of witnesses. *Id.* at 87:10-16. Second, counsel for Apple established that Mr. Ryhal analyzed fire patterns in the instant case. *Id.* at 102:25; 103:1-15. Finally, counsel for Apple established that Mr. Ryhal considered fire dynamics in determining the origin of the subject fire. *Id.* at 160:21-23. Further, despite Mr. Ryhal not explicitly stating the methodology he employed in the Ryhal Report, his testimony during his deposition clearly established that he used the NFPA procedures as a guide in his investigation and ultimate origin and cause determination. Additionally, Mr. Ryhal's Report was peer reviewed by George Beckley. Ex. G at page 33. As such, Mr. Ryhal's opinions are reliable as they are based on a reliable and widely-acknowledged methodology.

Moreover, Apple attempts to challenge the conclusion of Mr. Ryhal's investigation and his subsequent report, rather than the admissibility of his opinions. However, "[t]he test of admissibility is not whether a particular scientific opinion has the best foundation or whether it is demonstrably correct. Rather, the test is whether the particular opinion is based on valid reason and reliable methodology. The analysis of the conclusions themselves is for the trier of fact when the expert is subjected to cross-examination." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145-6 (3rd

Cir. 2000). Further, because Mr. Ryland's opinions are based on "reliable methodology" they should not be excluded. Any factual issues in dispute are a subject better appropriate for cross examination. As such, Apple's motion should be denied.

### A. The Court should deny Apple's motion to exclude Dr. Adams' testimony as he is qualified and meets Rule 702's admissibility standards

#### 1. Dr. Adam's is qualified to offer opinions about burn causation in the instant matter

Dr. Adams is qualified to offer opinions about burn causation and thus, Apple's motion should be denied. As previously stated, under Rule 702, a proffered expert witness must be "qualified." Qualification requires the "witness possesses specialized expertise." *Pineda*, 520 F.3d at 245 (internal citation omitted). Rule 702's qualification requirement is to be interpreted liberally. *Id.* A "broad range of knowledge, skills, and training qualify an expert." *Id. See also Paoli*, 35 F.3d at 741 (opining courts have "eschewed imposing overly rigorous requirements of expertise and have been satisfied with more generalized qualifications").

Here, Apple argues Dr. Adams is unqualified to offer any opinion as to the cause of the Plaintiff's burn injuries as he lacks relevant qualifications. Ex. 2 at ¶4; Ex. 3 at page 13. Specifically, Apple asserts "Dr. Adams' primary qualification appears to be his relationship with Plaintiff's counsel." Ex. 3 at page 13.

To the contrary, Dr. Adams, whose is proffered by the Plaintiff to testify as to the nature and cause of the Plaintiff's injuries, possesses a broad range of knowledge, skills and training which qualify him as an expert. Specifically, Dr. Adams has approximately twenty-one (21) years of physician experience, including twenty-one (21) years as a military physician and sixteen (16) years as an emergency room physician. *See* Deposition Transcript of Dr. Russell Adams,

designated by Apple as Exhibit I at 6:24; 14:15-17; 10:3-6. *See also* curriculum vitae of Dr. Adams, designated by Apple as Exhibit M. As such, Dr. Adams' experience, knowledge, skills, and training have exposed him to diverse wounds both on the battlefield and in the emergency room. Ex. I at 10:12-14; 63. Further, Dr. Adams embodies the "generalized qualifications" that qualify him as an expert pursuant to Rule 702. *See Paoli*, 35 F.3d at 741.

Moreover, Dr. Adams clearly has a "broad range of knowledge, skills, and training" to be qualified as an expert in his expertise field of medicine. Even more, as previously discussed, Rule 702's qualifications requirement is to be interpreted liberally. *See also Holbrook*, 80 F.3d at 782 (determining "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate"). As such, Apple's motion should be denied.

### 2. Dr. Adams's opinion is reliable

Dr. Adams' opinion is reliable, pursuant to Rule 702, and thus, Apple's motion should be denied. The United Stated Supreme Court in *Daubert* opined that under the Federal Rules of Evidence expert testimony need be "based only on a reliable and scientifically valid methodology that fits with the facts of a case." 509 U.S. at 592-93. The Third Circuit Court of Appeals in *Heller*, interpreted the four factors articulated in *Daubert* to guide a district court's preliminary assessment as "guideposts and not required factors in each case." *Heller v. Shaw Industries, Inc.*, 167 F.3d 146, 152 (3rd. Cir. 1999). The *Heller* court also noted that the *Daubert* Court "made clear that its listing of these factors should not obscure the fact that the district court's gatekeeper role is a flexible one and that the factors are simply useful signposts, not dispositive hurdles that a party must overcome in order to have expert testimony admitted." *Id.* "Put differently, an expert opinion

must be based on reliable methodology and must reliability flow from that methodology and the facts at issue – but it need not be so persuasive as to meet a party's burden of proof or even necessarily its burden of production." *Id.*

For example, *Heller* considered a case in which homeowners argued carpeting manufactured by Defendant caused respiratory problems. *Id.* at 150. In support of their argument, the Plaintiffs' retained an expert who concluded the carpeting emitted particles, which caused the respiratory illness. *Id.* The *Heller* court determined that it was not necessary for a medical expert to "always cite published studies on general causation in order to reliable conclude that a particular object caused a particular illness." *Id.* at 155. "A number of courts, including our own, have looked favorably on medical testimony that relies heavily on a temporal relationship between an illness and a casual event." *Id* at 154. Further, the court opined that Rule 702 does not require research studies supporting a finding of general causation. *Id.* Such conclusion was based on the *Heller* court's appreciation of the "liberal thrust of the Federal Rules of Evidence" and the "flexible nature of the *Daubert* inquiry[.]" *Id.* at 155.

As previously discussed, "[t]he test of admissibility is not whether a particular scientific opinion has the best foundation or whether it is demonstrably correct. Rather, the test is whether the particular opinion is based on valid reason and reliable methodology. The analysis of the conclusions themselves is for the trier of fact when the expert is subjected to cross-examination." *Oddi*, 234 F.3d at 145-6. In the instant case, Apple argues Dr. Adams testimony should be excluded as he fails to "base his opinions upon any scientific foundation or reliable methodology." Ex. 2 at 4. Specifically, Apple asserts Dr. Adams fails to cite any peer-reviewed literation or discuss the methods he used to render his opinions. Ex. 3 at page 15.

Here, Dr. Adams's opinion is reliable as it is based on his extensive experience, knowledge and training as both a military and emergency room physician. In interpreting the large volume of Plaintiff's medical records and reviewing Mr. Ryhal's report, Dr. Adams was able to employ a reliable methodology in reaching his conclusions. Dr. Adams does not claim to be a burn expert or an expert in lithium-ion battery explosion injuries. Rather, Dr. Adams' general knowledge render him a medical expert and his opinion as to the type of event that caused Plaintiff's injuries were based on a reliable methodology, namely, his review and interpretation of the Plaintiff's medical records.

The purpose of Dr. Adams' testimony is to bolster a medical conclusion on causation by demonstrating the Plaintiff's injuries were caused by an explosive event. While, unlike in *Heller*, Dr. Adams doesn't opine on whether the subject iPhone caused Plaintiff to develop an illness, he did determine that the subject iPhone caused Plaintiff's burn injuries. Further, Dr. Adams was not required to cite to published studies on causation in order to conclude that Plaintiff's injuries were of "an explosive nature." *See* Report of Dr. Adams, designated by Apple as Exhibit H. Further, in light of the Third Circuit's interpretation of *Daubert* and its liberal application, Dr. Adams's proffered testimony is reliable. As such, Apple's motion should be denied.

## IV.   CONCLUSION

In conclusion, for the aforementioned reasons, Plaintiff, Robert Stiffler, respectfully request this Honorable Court deny Defendant, Apple Incorporated's, Motion to Exclude the Testimony of Robert Ryhal and Dr. Russell Adams.

Respectfully submitted,

Michael F. Santicola, Esquire
Counsel for Plaintiff

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT STIFFLER,                          )

           Plaintiff,                      )          CIVIL ACTION NO. 2:21-cv-00523-JFC

     vs.                                    )

APPLE INCORPORATED and                    )
VERIZON, INCORPORATED,
                            )

           Defendant.                     )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Memorandum was mailed to the following person by First Class U.S. Mail, postage prepaid, on the 13th day of September, 2022, addressed as follows:

Stuart H. Sostmann, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin, P.C.
501 Grant Street, Suite 700
Pittsburgh, PA 15219
*VIA EMAIL: shsostmann@mdwcg.com and U.S. MAIL*

By:_____
Michael F. Santicola, Esquire
Attorney for Plaintiff