IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT STIFFLER** | CIVIL ACTION NO. 2:21-cv-00523 |
| Plaintiff, | |
| v. | |
| **APPLE INCORPORATED and VERIZON, INCORPORATED** | |
| Defendants. | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF ROBERT RYHAL AND DR. RUSSELL ADAMS

Plaintiff's primary argument in opposition to Defendants' Motion is simply that, because Plaintiff believes Rule 702 should be "interpreted liberally," Plaintiff's disclosed experts do not need any specialized knowledge, training, or experience on the specific topics on which they plan to opine. Plaintiff's misguided argument would turn the requirements of Rule 702 on their head. Moreover, the dangers of allowing unqualified witnesses to speculate about matters beyond their expertise – here, the ability of a lithium-ion battery to have caused this fire – are manifest, particularly when that witness intends to do so under the imprimatur of credibility that an expert designation would provide. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). Beyond failing to establish Plaintiff's experts' qualifications, Plaintiff also fails to support his experts' opinions with anything approaching a reliable foundation. For these reasons, and those set forth in Defendants' Motion, the Court should preclude Mr. Ryhal and Dr. Adams from testifying.

**I.   Mr. Ryhal's Testimony Should be Excluded in its Entirety.**

Plaintiff concedes that Mr. Ryhal lacks any "knowledge of, experience with, or formal training regarding lithium-ion batteries" or battery-thermal events. *See* Opp., ECF 41, at 3-4.

Plaintiff therefore contends that Mr. Ryhal is being offered to opine only on the "origin and cause" of the fire. Opp. at 3. But that is a distinction without a difference: the *cause* about which Mr. Ryhal seeks to testify *is* a battery-thermal event involving a lithium-ion battery. Plaintiff seeks to have Mr. Ryhal offer that opinion despite his clear admission that he has no idea whether such an event was even *capable* of starting the subject fire. *See* Ex. F to Defs.' Mot., ECF 40-6, at 85:9-23. As a matter of both law and logic, is impossible to reconcile Plaintiff's arguments about Mr. Ryhal's opinions with the substance of the opinions themselves. Plaintiff provides no rationale for Mr. Ryhal to be allowed to testify as an expert on topics on which he is admittedly unqualified.

As it relates to the reliability of Mr. Ryhal's opinions, Plaintiff's Opposition fares no better. As an initial matter, Plaintiff does not even address, let alone rebut, Defendants' arguments as to Mr. Ryhal's opinions as to the location of the fire's *origin*. Mr. Ryhal's opinion that the fire started in the "immediate vicinity" of a table at the head end of Mr. Stiffler's bed is contrary to all available physical evidence and is without any reliable scientific foundation. *See* Mot. at 7-9. The fire's origin is significant, because if the fire started anywhere other than where Mr. Ryhal claims, it is undisputed that the subject iPhone 6s Plus could not have caused the fire. *See* Ex. F to Defs.' Mot. at 135:3-6. Plaintiff's failure to address Defendants' arguments regarding Mr. Ryhal's origin opinions effectively concedes that there is no reliable basis to support them.

Plaintiff also fails to establish a reliable scientific basis for Mr. Ryhal's opinion as to *cause*—namely, that the fire was caused by a purported battery-thermal event involving an iPhone 6s Plus battery. In fact, Plaintiff does not even try to do so, as his response again fails to address *any* of Defendants' arguments regarding the numerous failures and shortcomings of Mr. Ryhal's opinion about the subject iPhone 6s Plus. Indeed, Plaintiff's response fails to rebut, and therefore concedes, that no iPhone 6s Plus was ever recovered from the fire scene, that Mr. Ryhal never

inspected or examined the subject iPhone 6s Plus or any exemplar device, and that testing has unequivocally established that a battery-thermal event in the subject iPhone 6s Plus was not capable of starting the subject fire as Mr. Ryhal claims. *See* Opp. at 4, 11-12.

Plaintiff's remaining arguments as to the reliability of Mr. Ryhal's opinions also miss the mark. Although Plaintiff suggests that Defendants are "confus[ing] reliability with factual issues in dispute," Opp. at 5, Plaintiff is incorrect. The fact that Mr. Ryhal's opinions are based upon a misapprehension of factual issues is not distinct from the unreliability of his professed methodology; rather, it is emblematic of the lack of any reliable foundation for the opinions he seeks to offer. In fact, not only did Plaintiff fail to establish any reliable methodology underlying Mr. Ryhal's causation opinion, but the methodologies Mr. Ryhal seemingly *attempted* to follow only further demonstrate the unreliability of his causation opinions.

First, as Plaintiff's opposition makes clear, Mr. Ryhal's professed methodology required him to "develop and test hypotheses in order to determine fire causation." Opp. at 6. But Mr. Ryhal neither performed any tests to support his hypothesis that the iPhone 6s Plus was capable of starting the subject fire, nor relied upon any tests performed by anyone else to support his opinion. *See* Ex. F to Defs.' Mot. at 135:3-6. And, as noted above, the only testing in the record affirmatively establishes that the subject iPhone 6s Plus could *not* have started the fire, rendering Mr. Ryhal's theory a scientific impossibility, as Mr. Ryhal concedes. *Id.* at 186:6-12.

Second, Mr. Ryhal acknowledges that, for something to cause a fire, it must be a "competent ignition source." *See id.* at 185:11-15. Accordingly, pursuant Mr. Ryhal's own methodology, any potential cause of a fire must be ruled out *unless* it is established to be a competent ignition source. *See, id.* at 186:6-12. For example, Mr. Ryhal purports to have ruled out as the cause of the fire a cable box located in Mr. Stiffler's room because Mr. Ryhal did not believe

3

it was a competent ignition source. *Id.* at 195:12-198:12. But Mr. Ryhal failed to follow his own methodology with respect to the subject iPhone 6s Plus, as Mr. Ryhal undertook no analysis whatsoever to determine whether it was a competent ignition source. *See id*. at 84:15-85:23; 201:11-17. Mr. Ryhal's failure to follow even his own methodology in reaching his opinions about the cause of this fire only further underscores their lack of any reliable, scientific basis.

## II.     Dr. Adams' Testimony Should be Excluded in its Entirety.

Plaintiff similarly fails to establish either the qualifications of Dr. Adams or the reliability of his opinions. Plaintiff's Opposition concedes that Dr. Adams is being offered to testify as to the nature and cause of Mr. Stiffler's burn injuries – specifically that they were caused by a thermal source that was "explosive" in nature – despite him not being an expert in burn injury causation and despite him never having seen a burn injury that was caused by an "explosive" source. *See* Opp. at 9-10. And, to the extent Plaintiff's reference to Dr. Adams's "battlefield" experience is intended to suggest familiarity with "explosive" injuries, any misconception is cleared up by Dr. Adams's own testimony in which he admits to having treated "battlefield" injuries on only two occasions, which were limited to minor soft tissue injuries that did not require a visit to a hospital. *See* Ex. I to Defs.' Mot., ECF 40-9, at 10:9-11:14.

In light of Dr. Adams's lack of relevant qualifications, Plaintiff claims that a proffered expert need only "general" expertise and that, because Dr. Adams has a doctorate of osteopathic medicine, he is necessarily qualified to testify on all aspects within the "field of medicine," including burn injury causation. *See id*. at 10. That is not the law. Indeed, the Third Circuit has determined that "[a]n expert may be generally qualified but may lack qualifications to testify outside his area of expertise." *Calhoun v. Yamaha Motor Corp. U.S.A.*, 350 F.3d 316, 322-23 (3d Cir. 2003). Here, Dr. Adams's proffered testimony as to the nature and cause of Mr. Stiffler's burn

injuries – a topic on which Dr. Adams has no background or experience – fall far beyond his qualifications. *Id.* Plaintiffs' reliance on *Heller* for the opposite conclusion is misplaced, as *Heller* concerned only the narrow issue of whether, in the context of medical opinions regarding general causation, a "differential diagnosis and a temporal analysis, properly performed, would generally meet the requirements of *Daubert*." *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 154 (3d Cir. 1999).

The danger of Dr. Adams stretching beyond his areas of expertise is highlighted by Plaintiff's own failure to understand what Dr. Adams is intending to testify about. In Plaintiff's Opposition, for example, Plaintiff states that Dr. Adams "determine[d] that the subject iPhone caused Plaintiff's burn injuries." *See* Opp. at 12. Not true: Dr. Adams specifically disclaimed any ability to identify the cause or source of the purported "explosive" event that he believes caused Mr. Stiffler's injuries. *See* Ex. I to Defs.' Mot. at 86:20-1. And Dr. Adams conceded that he lacked any knowledge as to whether a battery-thermal event is even capable of causing Mr. Stiffler's injuries, *see id.* at 85:4-86:2. Unsurprisingly, Plaintiff has not addressed the uncontradicted testing establishing that the battery-thermal event Plaintiff has alleged would *not* be "explosive" at all. *See* Ex. J to Defs.' Mot., ECF 40-10, at ¶¶ 18-19. Plaintiff articulates no basis for Dr. Adams to implicitly refute this testing or otherwise overcome his self-professed lack of knowledge.

Dr. Adams's opinions are not based upon any relevant qualifications and are not based upon any identified or discernable methodology. The Court should decline Plaintiff's invitation to ignore the requirements of Fed. R. Evid. 702.

## **CONCLUSION**

For the foregoing reasons, and for those set forth in Defendants' Motion to Exclude, Defendants respectfully request that the Court grant Defendants' Motion and enter an Order excluding Mr. Ryhal and Dr. Adams from testifying at trial.

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.

By: _____
Stuart H. Sostmann, Esquire
PA I.D. No. 84065
shsostmann@mdwcg.com
*Counsel for Defendants Apple Inc. i/s/h/a Apple Incorporated and Cellco Partnership d/b/a Verizon Incorporated*

## CERTIFICATION OF SERVICE

I, Stuart H. Sostmann, Esquire, hereby certify that a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF ROBERT RYHAL AND DR. RUSSELL ADAMS** has been served this 29th day of September, 2022 to the following counsel through the CM/ECF System:

Michael F. Santicola, Esquire
Santicola, Steele & Fedeles, P.C.
722 Turnpike Street
Beaver, PA 15009
michael@ssslawyer.com
*Counsel for Plaintiff*

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.

By: _____
Stuart H. Sostmann, Esquire
PA I.D. No. 84065
shsostmann@mdwcg.com

*Counsel for Defendants Apple Inc. i/s/h/a Apple Incorporated and Cellco Partnership d/b/a Verizon Incorporated*

Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA 15219
T: (412) 803-1150   F: (412) 803-1188