IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STIFFLER<br><br>            Plaintiff,<br><br>        v.<br><br>APPLE INCORPORATED and<br>VERIZON, INCORPORATED<br><br>            Defendants. | CIVIL ACTION NO. 2:21-cv-00523 |

**DEFENDANTS APPLE INC. AND VERIZON INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

I.    **Introduction.**

For nearly two years after a fire broke out in Plaintiff Robert Stiffler's bedroom, every expert who investigated the incident—including the local Fire Marshal's office and those hired by the Stifflers' insurance company—determined that its most likely cause was carelessly discarded smoking materials.  Despite those unanimous findings, Mr. Stiffler claims that an alleged (yet still undefined) defect in his iPhone 6s Plus caused the fire.  Mr. Stiffler brought suit against Apple Inc. ("Apple") and Verizon Inc. ("Verizon") (collectively, "Defendants") asserting various claims for strict liability, negligence, breach of warranty, and punitive damages.[1]  However, there is no evidence to create a triable issue on the existence of a defect in the device.  And

---

[1] Plaintiff's claim for negligence is directed against both Verizon and Apple; Plaintiff's claims for strict liability and punitive damages are directed against only Apple; and Plaintiff's claim for breach of warranty is directed against only Verizon.  *See* App'x. 1.

there is no evidence to support a general-causation finding, i.e., that the device was capable of causing the subject fire.  Nor is there any evidence whatsoever that Apple engaged in any "wanton or willful" conduct.

As to the existence of a defect, the undisputed evidence shows that iPhone 6s Plus devices are designed and certified as meeting or exceeding all international safety standards, and that Mr. Stiffler's device was manufactured according to those design specifications.  Mr. Stiffler has no evidence to rebut those showings and, as a result, he is unable to create a genuine dispute as the existence of a defect.  Indeed, Mr. Stiffler's only liability expert—Mr. Robert Ryhal—has expressly disclaimed any opinion that the subject iPhone 6s Plus was defective, leaving Mr. Stiffler without any evidence whatsoever on this essential element of his claims.

As to causation, the undisputed evidence establishes that Mr. Stiffler's iPhone 6s Plus device was not capable of having started the subject fire.  It is axiomatic that, to have caused this fire, Mr. Stiffler's iPhone 6s Plus would have had to be a competent ignition source.  Yet the evidence in this case is that the subject iPhone 6s Plus—then at a low state of charge—could not produce flames or cause a fire.  Mr. Stiffler has no evidence to the contrary.  Mr. Ryhal has expressly disclaimed knowledge as to whether Mr. Stiffler's iPhone 6s Plus was capable of starting this fire.  As a result, although Mr. Ryhal has been allowed to testify in this case, his testimony is insufficient to create a genuine issue of material fact on causation.

Finally, as to punitive damages claim against Apple, Apple is entitled to judgment in its favor for two reasons.  First, Mr. Stiffler's punitive damages claim

fails because it is entirely derivative of his underlying claims. Because those claims fail, so too does his claim for punitive damages. Second, Mr. Stiffler's punitive damages claim also fails because the undisputed evidence establishes that Apple acted reasonably in designing its iPhone 6s Plus devices, and Mr. Stiffler has no evidence to rebut that conclusion.

## II.   Statement of Undisputed Facts.

### a.  The Incident.

During the early morning hours of July 16, 2018, a fire started in Robert Stiffler's bedroom. *See* App'x. 1 at ¶ 9. Prior to the fire, Mr. Stiffler testified that he had been smoking in the enclosed front porch of his home. *See* App'x. 2 at 173:15-174:7. While downstairs smoking, Mr. Stiffler also claims to have taken a phone call, during which his iPhone 6s Plus died after its battery completely discharged. *Id.* at 173:4-14; 183:7-11. Mr. Stiffler then retired to his bedroom to plug his iPhone 6s Plus into its charger on a table in his room. *Id.* at 173:4-14. Mr. Stiffler got in bed and tried to fall asleep. *Id.* at 204:5-23. Less than 10 minutes after he had plugged in the iPhone 6s Plus, Mr. Stiffler reported hearing a noise, which alerted him to the presence of a fire in his room. *Id.* at 203:21-204:14; 210:4-10; 211:1-7.

### b.  The Independent Investigations Determined Smoking to be the Most Likely Cause of the Fire.

On the day of the fire, the Allegheny County Fire Marshal's office responded to the Stifflers' residence to conduct an origin and cause investigation. *See* App'x. 3. That investigation included a scene inspection, an interview of the homeowners, and an analysis of all "available ignition sources within the general area of origin." *Id.* at

5-6.  The Fire Marshal noted discarded cigarette butts throughout the interior of the home and smoking materials directly within the area of the fire's origin within Mr. Stiffler's bedroom.  *Id.* at 5; *see also* App'x. 4 at 66:10-23.   Based in part on the presence of smoking materials within the area of origin, the Allegheny County Fire Marshal's office reported that the "combined opinion of the fire scene investigators [was] that [the] fire was caused by careless smoking."  App'x. 3 at 6.

In addition to the investigation conducted by the Fire Marshal's office, the Stifflers' insurance company retained the ReCon Group to conduct its own investigation.  That investigation also included an inspection of the residence and interview of the homeowners.  *See* App'x. 5 at 3.   The insurer's investigators located "ample evidence of careless smoking … in various rooms of the structure."  *Id.*  On the basis of its investigation, the ReCon Group determined "the most probable cause of th[e] fire [to be] the careless handling of ignited smoking materials."  *Id.*

Apple was not placed on notice of the incident.  The Stifflers' insurer declined to seek subrogation against any individual or entity.  No one else examined the fire scene.

### c.  There is No Evidence of Defect in the iPhone 6s Plus.

Apple designed its iPhone 6s Plus devices to comply with all applicable safety standards.  App'x. 6 at ¶ 21.  The iPhone 6s Plus device was thereafter certified to comply with those safety standards.  *Id.*  Those standards required the iPhone 6s Plus device to be "subjected to an array of testing" to ensure that it "does not pose a hazard

to consumers." *Id.* at ¶ 22.  It is undisputed that the subject iPhone 6s Plus device was manufactured to, and complied with, those safety standards.  *Id.* at ¶¶ 23, 27.

The Fire Marshal's investigators did not locate an iPhone 6s Plus within the area of origin for the fire.  App'x. 4 at 71:7-17.  No iPhone was ever recovered from Mr. Stiffler's bedroom.  *Id.* at 76:8-13.  The iPhone 6s Plus allegedly present was not preserved by Mr. Stiffler and was not available for inspection by any party.  *Id.* at 72:5-16; 75:11-13.  Mr. Ryhal disclaimed any opinion as to whether the iPhone 6s Plus was defective.  *Id.* at 201:18-202:2.

### d.  The Subject iPhone 6s Plus was Incapable of Starting the Subject Fire.

Mr. Stiffler testified that the battery to his iPhone 6s Plus was at 0% charge when he plugged it in shortly before the fire began.  *See* App'x. 2 at 183:7-17; 199:15-200:2.  Mr. Stiffler testified that he got into bed within five minutes of plugging in his phone, and that he became aware of the fire in his room no more than three or four minutes after that.  *Id.* at 203:21-204:14; 210:4-10; 211:1-7.  Accordingly, the subject iPhone 6s Plus would have been connected to a charger for no more than ten minutes prior to the fire.  During that time, the iPhone battery could have at most been charged to 5%.  *See* App'x. 6 at ¶ 14.

Mr. Stiffler's claim here is that the subject iPhone 6s Plus underwent a battery thermal event which caused the subject fire.[2]  Whether a battery thermal event is capable of causing a fire is dependent upon, among other things, the battery's overall

---

[2] A battery thermal event is the sudden release of a battery's stored energy.  This can be caused by, for example, extraordinary mechanical damage to the battery or by exposure of the battery to external sources of heat.  *See* App'x. 6 at ¶ 15.

capacity and the state of charge: the greater the capacity and charge, the more energy that can be released.  *Id.*

Defendants' expert in this case, Dr. Donald Hoffmann, Ph.D., P.E., C.F.I., performed testing on exemplar iPhone devices—including an iPhone 6s Plus—at various states of charge.  The testing included devices at substantially above the maximum 5% to which the subject iPhone 6s Plus battery was charged at the time of this fire.  *Id.* at ¶ 16.  That testing involved applying external heat to the exemplar devices until they underwent a thermal runaway to observe whether flames were produced and whether combustible materials underneath the devices were ignited. *Id.*  No device subjected to the testing was able to produce flames.  *Id.* at ¶ 17.  And no device subjected to the testing ignited the combustible materials underneath the device.  *Id.*  This testing demonstrates that an iPhone 6s Plus battery at 5% capacity does not possess sufficient energy to produce flames.  *Id.* at ¶ 17.  The testing also demonstrates that an iPhone 6s Plus battery at 5% capacity does not possess sufficient energy to ignite combustible materials.  *Id.* at ¶¶ 16-18.

Mr. Ryhal does not have an opinion on, and has not conducted any analysis to determine, whether the subject iPhone 6s Plus was capable of causing the fire. App'x. 4 at 84:15-85:1; 85:9-23; 185:16-186:5; 200:24-201:6.

### e.  Apple's Conduct Was Reasonable.

In designing its iPhone 6s Plus devices to comply with the requirements of all applicable safety standards, Apple has not engaged in any conduct evincing either an evil motive or reckless indifference to Mr. Stiffler's safety.

f.  The Court's *Daubert* Decision.

Mr. Ryhal has two primary opinions.  First, Mr. Ryhal's opinion is that "the fire originated on the TV table located on the west side of Robert Stiffler's bed."  *See* Appx. 7 at 34.  Second, Mr. Ryhal's opinion is that the "fire resulted from a failure of the Apple iPhone battery which was charging on the TV stand."  *Id.*  Mr. Ryhal does not have an opinion on the existence of a defect in the subject iPhone 6s Plus.  App'x. 4 at 201:18-202:2.  Nor does Mr. Ryhal have an opinion on general causation, i.e., whether Mr. Stiffler's iPhone 6s Plus was a competent ignition source.  *Id.* at 85:9-23.  And Mr. Ryhal does not have an opinion that the fire was caused by any defect or malfunction in Mr. Stiffler's iPhone 6s Plus.  *Id.* at 76:24-77:3; 190:14-191:1.

Defendants moved to exclude Mr. Ryhal's proffered opinions in this case on the grounds that Mr. Ryhal was not qualified to offer them and because they were not the product of a reliable methodology or based upon sufficient facts or data.  *See generally* ECF 40.  This Court denied Defendants' motion as to Mr. Ryhal, finding Mr. Ryhall's experience in fire investigations sufficient for him to testify as to his cause and origin opinions.  ECF 58.

The Court acknowledged Mr. Ryhal's lack of expertise in battery technology, noting that it "would perhaps have been better for Mr. Stiffler to hire a fire inspector who is [also] an expert in batteries."  *Id.*  The Court's ruling did not address whether Mr. Ryhal's opinions were sufficient for Mr. Stiffler to create a genuine issue of fact on the essential elements of his claims against Defendants.  *Id.*

### III.   Standard of Review

A court must grant summary judgment if the movant demonstrates there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Hoefling v. U.S. Smokeless Tobacco Co., LLC*, 576 F. Supp. 3d 262, 284-85 (3d Cir. 2021).  The Supreme Court has instructed that Rule 56 requires the entry of judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After the movant has met its burden to show the absence of a genuine issue of material fact, "[t]he burden then shifts to the non-moving party, who 'may not rest on the mere allegations or denials of the adverse party's pleading … but must set forth specific facts showing that there is a genuine issue for trial.'"  *Schmidt v. Currie*, 217 F. App'x 153, 155 (3d Cir. 2007) (quoting Fed. R. Civ. P. 56(e)).

A court in considering a motion for summary judgment must view the facts in the "light most favorable to the non-moving party."  *Powel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009).  But the court need not credit "[u]nsupported assertions, conclusory allegations, or mere suspicions."  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).  Rather, a "party opposing summary judgment must support each essential element of the opposition with *concrete evidence in the record.*"  *DiMartino v. De Lage Landen Financial Svc., Inc.*, 209 F. Supp. 3d 783, 789 (3d Cir.

2016) (emphasis added).  A "mere scintilla of evidence supporting the nonmoving party, however, will not suffice." *Hoefling*, 576 F. Supp. 3d at 285 (citation omitted).

## IV.   Argument

### a. The Admission of Mr. Ryhal's Opinions Does Not Foreclose Summary Judgment in Defendants' Favor.

The denial of Defendants' *Daubert* motion does not preclude entry of judgment in Defendants' favor where, as here, Plaintiff "still has failed to present sufficient evidence to get to the jury." *See Heller v. Shaw Indus. Inc.*, 167 F.3d 146, 152 (3d Cir. 1999).  Although the Court determined that Mr. Ryhal was generally qualified as a fire investigator, the Court did not address Defendants' arguments that Mr. Ryhal's concessions that he does not know whether the subject iPhone 6s Plus was either defective or capable of causing the fire rendered his methodology unreliable. *See* ECF 58.  Nevertheless, the Court's decision to permit Mr. Ryhal to testify does not mean that this matter must proceed to a jury.  In other words, while the Court determined Mr. Ryhal's opinions as to the location of the fire's origin may be helpful to a jury, Plaintiff must still show there is a genuine factual dispute as to each and every element on which he carries the burden of persuasion.  As set forth below, Plaintiff cannot do so, even with Mr. Ryhal's testimony.

### b. Plaintiff Has No Evidence that the Subject iPhone 6s Plus was Defective.

Defendants are entitled to summary judgment on Plaintiff's claims because the undisputed evidence establishes that the iPhone 6s Plus was not defective in design or manufacture, and Plaintiff lacks any evidence to the contrary.  The existence of a

defect in the iPhone 6s Plus is an element on which Plaintiff bears the burden for any claim sounding in product liability—be it strict liability, negligence, or breach of implied warranty. *Chandler v. L'Oreal USA, Inc.*, 240 F. Supp. 3d 551, 561 (W.D. Pa. 2018).

The undisputed evidence here is that iPhone 6s Plus devices are designed and certified to comply with all applicable international safety standards. App'x. 6 at ¶ 21. Those standards ensure that the devices "do not pose a hazard to consumers." *Id.* at ¶ 22. It is undisputed that the subject iPhone 6s Plus device was manufactured to, and complied with, those safety standards. *Id.* at ¶¶ 23, 27.

Mr. Stiffler has no evidence to rebut that showing or to create a triable issue as to the existence of defect. It is well established that where, as here, a conclusion that a product is defective is "within the peculiar competence of experts," expert testimony is required to carry a plaintiff's burden as to the existence of a defect. *See, e.g.*, *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000). Yet Plaintiff has no such expert testimony from Mr. Ryhal or otherwise.

As this Court noted, Plaintiff's only liability expert has no particular knowledge or expertise on battery technology. *See* ECF No. 58 at 4. Instead, Mr. Ryhal is a fire investigator and has no background in complex electronic devices or lithium-ion batteries. Accordingly, Mr. Ryhal disclaimed any ability to testify that the subject iPhone was defective or whether it sustained any failure at all. App'x. 4 at 76:21-77:3; 190:14-191:1; 201:18-202:2. Indeed, Mr. Ryhal testified that he could not connect the fire to any alleged defect or malfunction in the subject iPhone

whatsoever. *Id.* Without any competent evidence of a defect to carry Plaintiff's burden on this essential element, all of Plaintiff's claims must be dismissed. *See, e.g.,* *Oddi*, 234 F.3d at 159 (affirming grant of summary judgment).

### c. Plaintiff Cannot Prove the Subject iPhone Caused the Fire.

Mr. Stiffler's claims also fail for the independent reason that the undisputed evidence shows that the subject iPhone 6s Plus was *not* capable of starting this fire. Causation is an essential element of Mr. Stiffler's claims, regardless of the specific theory of liability. *Hoefling*, 576 F. Supp. 3d at 285 (products liability and negligence); *Neebe v. Ravin Crossbows, LLC*, 532 F. Supp. 3d 253, 256-57 (E.D. Pa. 2021) (breach of implied warranty). "If a plaintiff has not demonstrated sufficiently reliable evidence of general causation, her claim fails and there is no need to consider specific causation." *Soldo v. Sandoz Pharma. Corp.*, 244 F. Supp. 2d 434, 525 (W.D. Pa. 2003). The narrow question for the Court at this stage, then, is quite simple: whether Mr. Stiffler can point to admissible evidence in the record that his iPhone 6s Plus was capable of causing the subject fire. The answer is a resounding no.

The unrebutted evidence is that Mr. Stiffler's iPhone 6s Plus—at its low state of charge—was not a competent ignition source for this fire. *See* App'x. 6 at ¶¶ 16-18. It is undisputed that, at the time of the fire, Mr. Stiffler's iPhone 6s Plus could have at most been charged to 5%. *Id.* at ¶ 14. Dr. Hoffmann performed a series of tests in this case to determine whether iPhone devices at various states of charge— including substantially above the 5% to which the subject iPhone 6s Plus could have been charged—were capable of starting a fire. To do so, Dr. Hoffmann applied

external heat to exemplar iPhone devices until they underwent a battery thermal event to observe whether flames were produced and whether combustible materials underneath the devices were ignited. *Id.* at ¶ 16. None of the devices that Dr. Hoffmann tested were able to produce flames or to ignite the combustible materials on which they were located. *Id.* at ¶ 17. That testing demonstrated that Mr. Stiffler's iPhone 6s Plus—at its low state of charge—was not capable of starting a fire, even if it had experienced a battery thermal event, as Mr. Stiffler claims. *Id.*

Mr. Stiffler lacks any evidence to rebut that conclusion. Simply put, Mr. Ryhal has nothing to say about the potential for an iPhone 6s Plus with its battery charged to 5% or less to cause a fire. Mr. Ryhal readily agrees that "something needs to be a competent ignition source in order to be attributed as the cause of [a] fire." App'x. 4 at 185:11-15. And Mr. Ryhal concedes that, if Mr. Stiffler's iPhone 6s Plus was not a competent ignition source, then "it could not have caused the fire." *Id.* at 185:6-12.

Mr. Ryhal's concession that he does not know whether Mr. Stiffler's iPhone 6s Plus was a competent ignition source is fatal to Mr. Stiffler's claims. Mr. Ryhal claims to have been able to implicate the iPhone 6s Plus as the cause of the fire only via a "process of elimination" after he purportedly determined that the other suspected ignition sources within what he believed to be the area of origin, were not competent ignition sources. App'x. 4 at 202:22-203:2. Mr. Ryhal never "conducted any type of analysis whatsoever" to determine whether an iPhone at any state of charge could be a "competent ignition source." *Id.* at 84:15-20; 185:16-20; 185:24-186:5. So while Mr. Ryhal apparently assumes the device was a competent ignition source, he does not

12

know "one way or the other" whether he is correct on that assumption. *Id.* at 85:9-23. Accordingly, Plaintiff cannot point to Mr. Ryhal's proffered opinions to create any genuine dispute of material fact on general causation.

The *only* evidence in the record regarding whether Mr. Stiffler's iPhone 6s Plus was a competent ignition source is the unrebutted testimony of Dr. Hoffmann, who concluded that it was not. Because Mr. Stiffler is without any affirmative evidence supporting the essential element of causation, a jury would be left able to "only speculate as to whether the [iPhone 6s Plus] was indeed the cause of the fire," entitling Defendants to judgment in their favor. *State Farm Fire and Cas. Co. v. Holmes Prods.*, 165 Fed. Appx. 182, 187 (3d Cir. 2006) (affirming entry of summary judgment).

### d. Plaintiff's Punitive Damages Claim Fails.

Apple is entitled to summary judgment on Mr. Stiffler's claim for punitive damages for two reasons. First, Mr. Stiffler's claim for punitive damages "is not a separate cause of action, but, rather, is derivative" of his other claims. *See Hunsaker v. Surgidev Corp.*, 818 F. Supp. 744, 755 (M.D. Pa. 1992). Thus, because Mr. Stiffler's underlying claims all fail, *see supra* IV.b. and IV.c., so too does his claim for punitive damages. *Hunsaker*, 818 F. Supp. at 755.

Second, Mr. Stiffler has exactly zero evidence of "evil motive or reckless indifference" which would entitle him to the "extreme remedy" of punitive damages under Pennsylvania law. *Hoffman v. Paper Converting Machine Co.*, 694 F. Supp. 2d 359, 374 (E.D. Pa. 2010) (granting motion for summary judgment on punitive

damages claim).  In fact, Mr. Stiffler has not even attempted to make any showing that would entitle him to the recovery of punitive damages.  The only evidence of Apple's conduct vis-à-vis its iPhone 6s Plus devices is that Apple designed them to meet, and certified them to comply with, all applicable safety standards.  *See* App'x. 6 at ¶ 21.  Those standards required the iPhone 6s Plus device to be "subjected to an array of testing" to ensure that it "does not pose a hazard to consumers."  *Id.* at ¶ 22. It is undisputed that the iPhone 6s Plus device complies with those rigorous safety standards, which demonstrates that the iPhone 6s is safe as designed.  *Id.* at ¶ 23.

Because Mr. Stiffler has no evidence "establish[ing] that [Apple] had a bad motive or consciously disregarded a known risk," Apple is entitled to judgment in its favor on Mr. Stiffler's claim for punitive damages.  *Mieczkowski v. Salvation Army*, No. 15-2146, 2017 WL 282892, *3 (M.D. Pa. Jan. 23, 2017) (entering summary judgment in favor of defendant on punitive damages claim); *Merced v. Gemstar Group, Inc.*, No. 10-3054, 2015 WL 1182883, *5 (E.D. Pa. Mar. 13, 2015) (same).

V.    **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for summary judgment and enter judgment in Defendants' favor on Plaintiff's negligence claim, in Verizon's favor on Plaintiff's breach of warranty claim, and in Apple's favor on Plaintiff's claim for strict liability and punitive damages.

Date:  May 1, 2023

Respectfully Submitted,


MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN


BY: _____
STUART H. SOSTMANN, ESQUIRE
PA ID #84065
Union Trust Building, Suite 700
501 Grant Street
Pittsburgh, PA  15219
(412) 803-1140, (412) 803-1188/fax
SHSostmann@mdwcg.com

and

ARENTFOX SCHIFF LLP

STEPHEN M. COPENHAVER, ESQUIRE
Admitted *Pro Hac Vice*
233 S. Wacker Dr., Ste. 7100
Chicago, Illinois 60606
(312) 258-5500, (312) 258-5600/fax
steve.copenhaver@afslaw.com

Counsel for Defendants