IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STIFFLER, | ) <br> ) <br> ) |
| Plaintiff | ) <br> )    21-cv-523-NR <br> ) |
| v. | ) <br> ) <br> ) |
| APPLE INCORPORATED and VERIZON, INCORPORATED, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

As this Court summarized in a prior order,[1] this case involves a claim that Mr. Stiffler's iPhone 6 Plus was defective. He alleges that the battery overheated, which caused a fire and led to him suffering significant injuries. He has brought claims for negligence and strict products liability against Apple. And he has brought claims for negligence and breach of the implied warranty of merchantability against Verizon (the retailer).

Defendants have filed a motion for summary judgment, arguing that Mr. Stiffler hasn't provided sufficient evidence of a defect or causation to get to a jury. They also argue that there isn't enough evidence for Mr. Stiffler to obtain punitive damages. After careful review, the Court grants in part and denies in part the motion. There are material disputes of fact on the issues of defect and causation, but there isn't enough evidence to present punitive damages to a jury.

---

[1] *Stiffler v. Apple Inc.*, No. 21-523, 2023 WL 1996692 (W.D. Pa. Feb. 13, 2023) (Ranjan, J.). The Court does not re-state the background here, and writes primarily for the benefit of the parties.

1

As to the question of a defect, Mr. Stiffler has provided sufficient circumstantial evidence based on the "malfunction theory." *See* ECF 71, at pp. 9-13. Defendants dispute some of Mr. Stiffler's evidence (ECF 77, at pp. 5-7), but the Court must credit Mr. Stiffler's evidence at this stage. Additionally, Defendants argue that Mr. Stiffler must prove a specific defect through an expert witness, like an expert on thermal battery events. The Court finds that such an expert is not needed. The malfunction theory, so long as the elements are met (and they are here),[2] serves as a substitute for providing expert testimony and proof of a specific defect. *See Ducko v. Chrysler Motors Corp.*, 639 A.2d 1204, 1206 (Pa. Super. Ct. 1994) ("When a party relies on the malfunction of a product to prove that it was defective, testimony identifying the exact nature of the alleged defect is not essential.").

Defendants also cite some cases that state that where the "subject matter is beyond the comprehension of the average juror," an expert is required. But that proposition originated in cases that don't involve the malfunction theory. *See Ellis v. Beemiller, Inc.*, 910 F. Supp. 2d 768, 774 (W.D. Pa. 2012) (Bloch, J.) (discussing expert testimony related to an allegedly defective gun and stating "[t]he Court fails to see

---

[2] The elements of the malfunction theory are "(1) circumstantial evidence that the product had a defect, even if the defect cannot be identified; (2) evidence that eliminates abnormal use or reasonable, secondary causes; (3) a showing that the defect caused the injury, and (4) evidence that the defect existed when it left the manufacturer's control." *Grasinger v. Caterpillar, Inc.*, No. 21-956, 2023 WL 4846843, at *13 (W.D. Pa. July 28, 2023) (Fischer, J.) (cleaned up). As to prong 1, there is circumstantial evidence of a defect (Mr. Stiffler's testimony that the iPhone became "hot to the touch" during normal use and that he heard a "hiss" and "pop" from the phone (ECF 71, at p. 3), his fire-origin expert's testimony that the fire originated near the phone, the fact that the phone was recently purchased). As to prong 2, Mr. Stiffler has created a material dispute to plausibly negate the secondary cause of smoking, by undermining the veracity of the fire reports and through his own testimony that he did not smoke in his bedroom. He also has negated the idea of misuse of the phone, by testifying that he used it in an appropriate manner and with the charger provided by Defendants. As to prong 3, he provided evidence of causation, which is noted below. As to prong 4, he purchased the phone only about a week before the incident.

how or why the malfunction theory would apply in a case" where the actual product was available for examination and a specific defect was alleged by the plaintiff). It would make little sense to require an expert to opine on a specific defect in a malfunction-theory case, as the main assumption behind the theory is that the product is destroyed and so the precise defect may not be detectable.

Defendants next argue that Mr. Stiffler, even if he can proceed under a malfunction theory, hasn't provided any evidence that the iPhone Plus 6 caused his injuries. The Court disagrees. Mr. Stiffler's own testimony here, as well as that of his fire-origin expert, create a dispute of fact on this issue. ECF 71, at pp. 15-16. The iPhone caught on fire by his bed side, after he heard it "hiss" and "pop," and caused his burns. That's enough to create a dispute of fact on this issue.

Finally, as to punitive damages, Mr. Stiffler hasn't met his burden. Under Pennsylvania law, a plaintiff can only qualify for punitive damages if he shows that "the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and acted or failed to act in conscious disregard of that risk." *Livingston v. Greyhound Lines, Inc.*, 208 A.3d 1122, 1130 (Pa. 2019). In a products-liability case, that means that "the defendant's actions [were] so outrageous that they demonstrate intentional, willful, wanton or reckless conduct." *Owca v. MoJack Distribs., LLC*, No. 19-142, 2019 WL 11073331, at *3 (M.D. Pa. Dec. 13, 2019) (cleaned up).

Mr. Stiffler points to a vague incident record of prior instances of iPhones suffering defects. This record is likely inadmissible; and even if it were not, it provides no specifics as to the prior instances, and so cannot meet the high burden of advancing a claim for punitive damages.

\* \* \*

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may not advance any request for punitive damages to the jury. Otherwise, all claims may proceed.

DATE: September 19, 2023                              BY THE COURT:

                                                                          /s/ *J. Nicholas Ranjan*
                                                                          United States District Judge